UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI LEE SCOTT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY ERNEST MONIZ, US Department of Energy, and CIBER INC, a Colorado Corporation,<br><br>Defendants. | CASE NO. C14-5684 RJB<br><br>ORDER DENYING DEFENDANT CIBER'S AMENDED MOTION TO DISMISS AS MOOT |

This matter comes before the Court on Defendant Ciber, Inc.'s (Ciber) amended motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Plaintiff Lori Lee Scott's (Scott) remaining claims against Ciber under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., and the Washington Law Against Discrimination (WLAD), RCW 49.60. Dkt. 46. The Court has considered the pleadings in support of and in opposition to the motions and the record herein.

**INTRODUCTION AND BACKGROUND**

This is an employment discrimination action. Dkt. 10. On August 29, 2014, Scott commenced this lawsuit against the Department of Energy (DOE) and Ciber, alleging violations

of Title VII, Washington Law Against Discrimination (WLAD), and the Equal Pay Act. Dkt. 1 at 14-16.  On September 26, 2014, Scott filed a First Amended Complaint adding factual allegations pertaining to the exhaustion of her administrative remedies, adding a Fair Labor Standards Act (FLSA) claim, and withdrawing the Equal Pay Act claim.  Dkt. 10.  Defendant DOE filed an Answer to the Amended Complaint.  Dkt. 26.  Ciber did not file an Answer.

On October 10, 2014, Ciber filed a motion to dismiss Scott's claims under the WLAD and FLSA pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that these claims are barred by the applicable statutes of limitations.  Dkt. 14.

On the same date, October 10, 2014, Ciber also filed a motion for partial summary judgment seeking dismissal of Scott's Title VII claims.  Dkt. 15.

On November 17, 2014, the Court granted Defendant Ciber's motion for partial summary judgment, dismissing with prejudice Scott's claims against Ciber brought under Title VII (causes of Action Nos. 2 and 5 in the First Amended Complaint).  Dkt. 36.

On November 24, 2014, the Court denied Scott's motion for leave to file a second amended complaint.  Dkt. 44.

On November 25, 2014, Scott filed a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Dkt. 45.

The following day, November 26, 2014, Ciber filed an Amended Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Scott's claims under the WLAD and FLSA.  Dkt.  46.  Within the amended motion to dismiss, Ciber argues that Scott's notice of voluntary dismissal is improper. *Id*. at 2.

On December 4, 2014, Scott filed a motion to strike Ciber's amended motion to dismiss, arguing the notice of voluntary dismissal ended all claims against Ciber and that there remain no claims that are subject to dismissal with prejudice.  Dkt. 47.

**VOLUNTARY DISMISSAL AND MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Fed. R. Civ. P. 41(a)(1)(A) provides that "the plaintiff may dismiss an action without court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." The rule confers on the plaintiff

> an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required.... The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.... Such a dismissal leaves the parties as though no action had been brought.

*American Soccer Co., Inc. v. Score First Enterprises, a Div. of Kevlar*, 187 F.3d 1108, 1110 (9th Cir. 1999); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir.1997). Unless the notice of voluntary dismissal states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). The rule does not authorize the court to take into consideration any matters other than whether the defendant has previously answered or filed a motion for summary judgment. *American Soccer Co., Inc.*, 187 F.3d at 1112. The fact that defendant has a Fed. R. Civ. P. 12(b)(6) motion pending at the time plaintiff files a notice of voluntary dismissal has no effect on plaintiff's absolute right to a voluntary dismissal without prejudice. *Id*; *Swedberg v. Marotzke*, 339 F.3d 1139, 1143-46 (9th Cir. 2003). In order to cut off the plaintiff's right to dismiss voluntarily without prejudice, the defendant must serve an answer or a motion for summary judgment. *American Soccer Co., Inc.*, 187 F.3d at 1112. Plaintiff continues to enjoy the protections of Fed. R. Civ. P. 41(a)(1)(A) until such time as the defendant serves an answer or motion for summary judgment. *Swedberg*, 339 F.3d at 1146.

In light of this authority, Scott's right to a voluntary dismissal without prejudice is unencumbered by Ciber's motion to dismiss.

Ciber argues, however, that Scott is precluded from obtaining a voluntary dismissal of the remaining claims pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) because Ciber previously served a "motion for summary judgment" on Scott's Title VII claims. See Dkt. 46 at 2.

Ciber's argument is unpersuasive. Ciber did not file a motion for summary judgment on the claims at issue, i.e. FLSA and WLAD. Ciber filed a "Motion for Partial Summary Judgment" on the claims brought by Scott under Title VII. Dkt. 15. The notice of voluntary dismissal, filed after the Court dismissed Scott's Title VII claims, is directed to all claims remaining against Ciber. See Dkt. 45. These remaining claims, i.e. FLSA and WLAD, were not the subject of any motion for summary judgment.

Fed. R. Civ. P. 56(a) provides that a party may move for summary judgment or partial summary judgment, identifying each claim on which summary judgment is sought. Ciber did not move for summary judgment on the FLSA and WLAD claims, instead, it chose to file a motion to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6). As previously noted, a motion to dismiss does not preclude a Fed. R. Civ. P. 41(a)(1)(A)(i) notice of voluntary dismissal. That the Title VII claims were dismissed with prejudice pursuant to a grant of partial summary judgment does not preclude voluntary dismissal of the remaining claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). See *Wynn v. National Broadcasting Co., Inc.*, 2002 WL 31681865 (C.D. Cal. 2002). Having failed to have answered and not having served a motion for summary judgment on the FLSA and WLAD claims, Scott is entitled to voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

On November 25, 2014, Scott filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). The filing of the notice of voluntary dismissal automatically terminated the action, "leav[ing] no role for the court to play." *American Soccer Co., Inc.,* 187 F.3d at 1110. Accordingly, all claims against Defendant Ciber have been dismissed.

# CONCLUSION

Plaintiff Scott filed a valid notice of voluntary dismissal of the remaining claims asserted against Ciber. These claims, FLSA and WLAD, are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). All claims against Ciber having been dismissed, Ciber is no longer a party to this action.

Accordingly, it is hereby **ORDERED**:

1. Defendant Ciber, Inc.'s Amended Motion to Dismiss Plaintiff's Claims under the FLSA and WLAD (Dkt. 46) is **DENIED as MOOT**.
2. Plaintiff Scott's Motion to Strike (Dkt. 47) is **DENIED AS MOOT.**
3. Defendant Ciber, Inc.'s Motion for Sanctions (Dkt. 50) is **DENIED AS MOOT**.
4. Plaintiff's action shall proceed against Defendant Ernest Moniz, Secretary, US Department of Energy.

Dated this 15th day of December, 2014.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge