UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI LEE SCOTT, an individual,<br><br>      Plaintiff,<br><br>  v.<br><br>SECRETARY ERNEST MONIZ, U. S. Department of Energy and CIBER, INC., a Colorado Corporation,<br><br>      Defendants. | CASE NO. 3:14-CV-5684-RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE |

THIS MATTER comes before the Court on Lori Scott's ("Ms. Scott's") motion for sanctions for spoliation of evidence. The Court has reviewed Ms. Scott's motion (Dkt. 57), the responsive briefing (Dkt. 59, 63), and the remainder of the file therein.

## I. BACKGROUND

### a. *The EEOC case*

In the underlying case, Ms. Scott alleges that defendant, U.S. Department of Energy, through Bonneville Power Association ("BPA"), discriminated against Ms. Scott, subjecting her to a hostile work environment and unlawfully terminating her due to sex discrimination and

retaliation on April 29, 2011. Dkt. 10. At the time of her termination, Ms. Scott was employed by federal contractor, Ciber, Inc. ("Ciber"). She initiated an Equal Employment Opportunity counseling process with EEO Counselor, Anthony Jackson, on May 24, 2011. Dkt. 58-1. Mr. Jackson investigated Ms. Scott's claims against BPA and Ciber, obtaining internal correspondences (*see, e.g.,* Dkt. 58-2) and issuing a "document identification, retention, and preservation notice" ("the Preservation Notice") to BPA on August 2, 2011. *See* Dkt. 58-3, at 3, 4. The Preservation Notice required:

> ret[ention] and preserv[ation of] all recorded information . . . related to this informal complaint of discrimination until further notice [from the EEOC]. This request overrides any document or email schedules that are currently in place. All relevant recorded information must be preserved until this Notice is expressly rescinded in writing. *Id*.

Ms. Scott filed her EEO claim against BPA on August 17, 2011 naming Steve Moffat and Rodney Leetch as the "person[s] [she] believe[d] discriminated against [her]." Dkt. 58-4, at 1. It appears that Ms. Scott also names Debra Paullin, Ciber Supervisor, as the person who wrongfully terminated her. Dkt. 58-4, at 6, 7. BPA acknowledged receipt of Ms. Scott's EEO claim and outlined the required procedure for appealing BPA's Final Agency Decision if applicable. Dkt. 60-1, at 4 ("you may appeal . . . to the EEOC . . . within 30 calendar days of the receiving the Final Decision"). BPA issued its Final Agency Decision dismissing her claim on December 7, 2011. Dkt. 60-3. Ms. Scott timely appealed the dismissal to the EEOC during December 2011. Dkt. 60-4, at 1. *See* EEOC Case No. DOE 11-0081-BPA. In a handwritten note dated January 10, 2012, it appears that BPA's EEO Specialist thought Ms. Scott had not filed an appeal. Dkt. 60-5 (Certified Mail receipt of Final Agency Decision to Ms. Scott: "No Appeal Jan. 10, 2012").

On June 25, 2013, the EEOC informed BPA that the EEOC was still waiting for the claim file from BPA to complete its decision on Ms. Scott's appeal. Dkt. 60-4, at 2. BPA responded to the EEOC request by denying that it was aware of Ms. Scott's appeal and filing an appeal objection on August 3, 2013. Dkt. 10, at 14. *See* Dkt. 60-4.

On September 12, 2013, the EEOC issued a decision that affirmed one claim in BPA's dismissal but remanded Ms. Scott's sexual harassment claim to BPA for further investigation by the EEO. Dkt. 60-6, *see* Dkt. 58-7, at 1. BPA issued an internal memorandum dated October 8, 2013 and addressed to employees Steve Moffat and Rodney Leetch that requested preservation and retention of relevant documents in response to the EEOC investigation. *Id*., at 1-3. The EEOC issued its Notice of Final Agency Decision and right-to-sue letter on July 8, 2014. EEOC Case No. DOE 11-0081-BPA. Ms. Scott filed her Complaint in this Court within 90 days, on August 29, 2014. Dkt. 58-4.

  b. *Discovery in this case*

Along with the Complaint, Ms. Scott served on BPA a request for production of documents (the "RFP"), seeking "all documents relating to or reflecting communication between or among plaintiff and defendant or any . . . contractor, or employee of defendant[,]" and "all documents and communications relating to or reflecting plaintiff's employment or termination with defendant[.] Dkt. 58-5, at 8. BPA responded on February 9, 2015, as follows:

> BPA has almost finished compiling the data and will provide this information as soon as possible. Unfortunately, there were technical issues with BPA's archives which caused this delay. *See also* the ROI for documents turned over by Defendant during the investigative phase of this case.
> In further clarification, Defendant has no accounts, and therefore, no documents for the following people: **Cynthia Frank** retired from BPA on February 1, 2013. There was no litigation hold at that time and her accounts were deleted according to standard policy procedures; **Debra Paullin**- Ciber employee; . . . . **Lisa Smith**- supply technician—resigned May 20, 2013—no litigation hold at the time of her resignation

so her accounts were deleted according to standard policy and procedure[.]" Dkt. 58-5, at 8 (emphasis added).

Following BPA's response to the RFP, Ms. Scott served an interrogatory asking BPA to "describe in detail the circumstances surrounding the deletion or destruction of any records referring to . . . [Cynthia Frank, Debra Paullin, and Lisa Smith]." Dkt. 58-6, at 10, 11. BPA fell back on its email retention policies: emails not saved by BPA employees are deleted without employee action after 90 days, and emails are deleted 90 days after employees' departure from BPA. *Id.*, at 12. BPA also stated that regarding Ms. Scott's claims, "the agency personnel relevant to this case, provided relevant documents and emails to the EEO office during the investigation of this case. Plaintiff has those [ROI documents] in her possession." *Id*. BPA's discovery response then addressed specific individuals as follows:

1. Cynthia Franke: Ms. Franke retired from BPA on February 1, 2013. Ms. Franke's work files had been transferred to a network drive. Defendant searched the files and found no responsive documents. Defendant would point out, however, that relevant emails from Cynthia Franke are contained in the ROI.
2. Lisa Smith: Ms. Smith separated from BPA on May 30, 2013. Her email accounts and home drives were deleted on August 16, 2013pursuant to BPA's retention policy.
3. Debra Paullin: Ms. Paullin was a Ciber Inc., employee. She was the on-site supervisor for Ciber, Inc. until June 12, 2012. To the extent that she had any email accounts on BPA computers they would have been deleted on December 13, 2012, pursuant to BPA's retention policy. Defendant would point out, however, that relevant emails and documents from Debra Paullin are contained on the ROI.

II.     DISCUSSION

This Court has a wide range of inherent powers to govern litigation processes. *Chambers v. Nasco,* 501 U.S. 32, 43 (1991). One example of these inherent powers is the Court's discretionary power to levy appropriate sanctions against a party who prejudices its opponent through the spoliation of evidence that the spoliating party had reason to know was relevant to litigation. *Glover v. Bic Corporation,* 6 F.3d 1318, 1329 (9th Cir. 1993). To sanction a party to

litigation for spoliation of evidence, the Court must determine (1) whether there was a duty to preserve the evidence at issue; (2) the level of culpability of the spoliator; and (3) the prejudice suffered by the non-spoliating party. *Leon v. IDX Sys. Corp.*, No. C03-1158 P, 2004 WL 5571412, at *3 (W.D.Wash. 2004) *aff'd.,* 464 F.3d 951 (9th Cir. 2006). After considering these factors, the Court then must then consider available sanctions. *Id*. *See e.g. Fujitsu Ltd. v. Federal Express Corp.,* 247 F.3d 423 (2nd Cir. 2001); *Wm. T. Thompson Co. v. GNC,* 593 F.Supp. 1443 (C.D.Cal.1984).

    On these facts, it appears that BPA failed in its duty to preserve evidence. Based on the exhibits provided, BPA's duty to preserve at a minimum began when Ms. Scott filed her EEO claim on August 17, 2011, although it appears that EEO Counselor, Anthony Jackson, may have issued the preserve evidence request on August 2, 2011. Dkt. 58-3. Because there is no EEOC documentation releasing BPA of its obligation otherwise, the obligation continued from August 2011 until July 8, 2014, when the EEOC issued its Notice of Final Agency Decision and right-to-sue letter. *See* Dkt. 58-3. Therefore, BPA's reliance on its default retention policies in the interim time period was a mistake; BPA failed to preserve the evidence at issue.

    However, considering BPA's culpability, it does not appear that BPA acted willfully or deliberately to ignore its duty to preserve evidence. BPA informed Ms. Scott of her right to appeal the Final Agency Decision, yet BPA's own EEO Specialist as of January 10, 2012 was apparently of the (mistaken) belief that Ms. Scott had not appealed her claim. Dkt. 60-5, Dkt. 60-4, at 2-4. BPA then defaulted to its usual retention policy based on that belief, only to be corrected later. Dkt. 60-5. On the other hand, the EEO notice to BPA unambiguously required BPA to suspend all existing retention polices and to preserve all evidence until further *written* notice. BPA does not argue that it ever received any written notice that would release BPA from

its obligation. *See* Dkt. 59. On this record, it is not clear exactly why BPA failed in its duty to preserve documents—whether due to disorganization, mismanagement, or another reason, but on these facts BPA was at least negligent, which is sufficient for purposes of this motion. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 431 (S.D.N.Y. 2004) (ordinary negligence sufficient for finding of spoliation). *Glover*, 6 F.3d at 1329 (court need not find bad faith to find spoliation).

In spite of BPA's conduct—which is concerning—it is premature to issue the requested sanctions at this stage in the litigation, because the Court has an incomplete picture of the prejudice to Ms. Scott. While Ms. Scott claims that the deleted emails go "straight to the heart" of her claim, Dkt. 57, at 10, only one of the three people Ms. Scott's motion addresses, Ms. Paullin, is named directly in reference to her EEO claim, and Ms. Paullin was employed by Ciber, not BPA. Dkt. 58-4, at 6, 7. The other individuals, Cynthia Franke and Lisa Smith, are mentioned only in passing. *See* Dkt. 58-1, Dkt. 58-4. Following additional discovery and depositions, it may become apparent that Ms. Scott has suffered prejudice, but without more detail about the role of Ms. Paullin, Ms. Franke, and Ms. Smith, on this record the Court cannot find that Ms. Scott's case is prejudiced. Therefore, the motion for sanctions for spoliation should be continued subject to renoting when discovery is complete.  At that time Plaintiff can make further showing of prejudice, if any, and the parties can submit further briefing on prejudice and appropriate sanctions.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Sanctions for Spoliation of Evidence (Dkt. 8) is **CONTINUED SUBJECT TO RENOTING**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of June, 2015.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge