UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI LEE SCOTT, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>SECRETARY ERNEST MONIZ, U.S. Department of Energy and CIBER, INC., a Colorado corporation,<br><br>                    Defendant. | CASE NO. C14-5684RJB<br><br>ORDER ON FEDERAL DEFENDANT'S MOTION TO DISMISS |

This matter comes before the court on the above-referenced motion (Dkt. 64). The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion.

For the reasons stated herein, the motion should be granted in part and denied in part.

First, the parties agree that plaintiff's Washington Law Against Discrimination claim against the defendant should be dismissed, and the court will dismiss that claim.

The remainder of the motion is brought by the federal defendant Ernest Moniz under Federal Rule of Civil Procedure 12(b)(1) and (6). Under both rules, the parties have filed substantial materials outside the pleadings, which the court has considered for purposes of FRCP

12(b)(6).  *See Drier v. United States*, 106 F.3d 844, 847 (9th Cir. 1997).   Under FRCP 12(b)(1), the defendant claims that there is no federal jurisdiction over the case.  Under FRCP 12(b)(6), the defendant claims that the plaintiff's Amended Complaint does not state a claim upon which relief can be granted.

The defendant's claim, under both rules, is that under the Ninth Circuit case of *Lopez v. Johnson*, 333 F.3rd 959 (9th Cir. 2003), the plaintiff cannot show that she was a federal employee, and that therefore her claim against the federal government under Title VII fails.  The defendant also cites *Sibbald v Johnson*, 294 F. Supp. 2nd 1173 (S.D.CA 2003), in support of his position.

It is clear that the plaintiff was employed by Ciber, Inc., which is a private contractor.  Plaintiff was assigned to work for the Bonneville Power Administration of the United States Department of Energy.  The question remains whether, under the circumstances presented, the Bonneville Power Administration could be considered a joint employer of the plaintiff.

Suffice it to say that the showing made by plaintiff here is far stronger than the showing of the plaintiffs in either the *Lopez* or *Sibbald* cases.  In its reply (Dkt. 75 *et seq*), the defendant refers to many issues in the case, pointing out that under each individual issue, the plaintiff is not entitled to a finding that she is a federal employee.  The defendant, however, does not give credit to the plaintiff's showing, nor does the defendant consider the totality of the circumstances raised by plaintiff in her response to the motion (Dkt. 71 and exhibits).

The rules in the Ninth Circuit for making the determination of whether defendant is a joint employer are set out in the *Lopez*, *supra* case.  Considering each of the three possible tests that the court could use in making that determination as set out in *Lopez*, the plaintiff has made a sufficient showing to withstand this motion under each test.  It is impossible for the court to make a fact determination on this key issue from the written documents presented.  There are

material issues of fact. The showings made call for a fact-finding hearing with live witnesses to make an accurate determination of whether the defendant was a joint employer of plaintiff under *Lopez*. The plaintiff has the burden of proof that the Bonneville Power Association was a joint employer, and may have an uphill road ahead to make such a showing at trial, but her presentation in opposition to its motion is sufficient to withstand the defendant's attack under FRCP 12(b)(1) and (6).

It appears clear to the court the defendant's motion is a *factual* attack rather than a *facial* attack on jurisdiction. It also appears clear to the court that the jurisdictional issue is intertwined with the substantive issues – and are mixed question of law and fact. Those issues cannot be judicially determined on the pending motion and must be determined by an evidentiary hearing, or at trial. *See Doe v Schachter*, 804 F. Supp. 53 (N.D. CA. 1992). Such mixed questions are well suited to jury determination. *Hana Financial Inc v. Hana Bank et al.,* 135 S. Ct. 907 (2015), *Zheng v Liberty Apparel Company*, 617 F.3d 182 (2010).

For those reasons, the motion should be GRANTED IN PART as to the plaintiff's Washington Law Against Discrimination claim, and DENIED IN PART as to the Title VII claim. The WLAD claim is DISMISSED. The motion is DENIED as to the Title VII claim.

IT IS SO ORDERED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of July, 2015.

ROBERT J. BRYAN
United States District Judge