UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORI LEE SCOTT,<br><br>                Plaintiff,<br><br>    v.<br><br>SECRETARY ERNEST MONIZ,<br>U.S. Department of Energy,<br><br>                Defendant. | CASE NO. 3:14-CV-05684-RJB<br><br>ORDER ON DEFENDANT'S MOTION FOR EVIDENTIARY HEARING |

      THIS MATTER comes before the Court on Defendant's motion for an evidentiary hearing. Dkt. 85. The Court has considered Plaintiff's Response, Defendant's Reply, and the remainder of the file herein. Dkt. 87, 88, 96.

<u>BACKGROUND</u>

      Ruling on Defendant's motion to dismiss for lack of subject matter jurisdiction, the Court denied Defendant's motion without prejudice on the basis that "the jurisdictional issue is intertwined with substantive issues—and are mixed question of law and fact," and that "those issues . . . must be determined by an evidentiary hearing, or at trial." Dkt. 77, at 3. The Court

1 issued that ruling on July 2, 2015, and Defendant filed the immediate motion for an evidentiary

2 hearing on August 6, 2015, noting the motion for August 21, 2015. Trial is currently set for

3 September 21, 2015.

## DISCUSSION

5       According to Defendant, "a key consideration in determining whether a hearing should

6 be hold is whether the party has requested one," and the Court suggested one in its prior order, so

7 "this threshold issues [sic] is ripe for determination[.]" Dkt. 85, at 2, 3. Defendant also argues

8 that the evidentiary hearing does not involve facts going to the merits of the case and would

9 serve the interests of judicial economy by sparing the costs of trial. *Id.*, at 4.

10       Plaintiff contends that Defendant's motion is untimely, because Defendant has known of

11 the trial date since January 28, 2015, yet chose to raise its motion a month before trial. Dkt. 87, at

12 3. According to Plaintiff, scheduling an evidentiary hearing at this late stage would be prejudicial

13 to Plaintiff, because of the urgent preparation required; inconveniencing to the multiple

14 witnesses from Vancouver, Washington who would need to testify both at the motion and at trial;

15 and costly both to the Court and the parties because of the overlap between the motion and trial.

16 *Id.*, at 2-4. Plaintiff also argues that because Plaintiff is likely to prevail on the motion,

17 scheduling a separate evidentiary hearing is wasteful. *Id.*, at 4-7. Finally, Plaintiff argues the

18 merits of subject matter jurisdiction, which is irrelevant to the motion at hand. *Id.*

19       Defendant argues in reply that Defendant's motion is timely because subject matter may

20 be raised at any time. Dkt. 96, at 2. Holding an evidentiary hearing is not prejudicial to Plaintiff,

21 Defendant argues, because the preparation needed for the hearing is the same as trial, and it is

22 not difficult or inconvenient to non-party witnesses, because only a fraction of the witnesses

23 needed for trial are also needed for the hearing. *Id.*, at 2, 3. Regarding the use of judicial

24

1 resources, Defendant counters, the Court may manage the evidentiary hearing by, for example,

2 limiting the number of witnesses or hours of testimony, and the hearing could prevent the need to

3 expend judicial resources on trial. *Id.*, at 3.

## DISCUSSION

5 Subject matter jurisdiction is an issue that may be raised by a party or the court at any

6 time. Fed. R. Civ. P. 12(h)(3). However, the timing of when to address subject matter jurisdiction

7 is discretionary. Fed. R. Civ. P. 12(i). Where subject matter jurisdiction involves both questions

8 of law and fact, the issue may be resolved at trial, including the question of whether a defendant

9 is a joint employer. *Zheng v. Liberty Apparel Co. Inc.*, 617 F.3d 182, 185 (2nd Cir. 2010) ("In the

10 context of a jury trial, the question whether a defendant is a joint employer is a mixed question of

11 law and fact"). *See also*, *Hana Financial Inc. v. Hana Bank*, 135 S.Ct. 907, 911 (2015) (mixed

12 questions of law and fact have typically been resolved by juries); and *Doe v. Schacter*, 804

13 F.Supp. 53, 56, 57 (N.D. CA 1992).

14 In this case, the issue of subject matter jurisdiction should be deferred to trial, rather than

15 a separate evidentiary hearing. *See* Fed. R. Civ. P. 12(i). Defendant is technically correct that his

16 motion is timely under Fed. R. Civ. P. 12(h)(3), but Defendant's argument is ultimately

17 unpersuasive. The Court set the case for trial on January 28, 2015, and even after the Court

18 issued a ruling inviting the possibility of a hearing, Defendant delayed filing his motion over a

19 month, noting the motion with four weeks until trial. *See* Dkt. 77, 85. The Court's schedule does

20 not lend itself to setting such a hearing before the trial date, and Defendant's proposed hearing

21 limitations are overly optimistic and overly restrictive. Furthermore, based on the Court's review

22 of the record—which is quite extensive— the issue of subject matter jurisdiction is a fact-

23 intensive question that should not, as Defendant suggests, be resolved by a brief hearing with

limited witnesses and evidence. Moreover, the issue of subject matter jurisdiction, which centers on the relationship between Plaintiff, BPA, and Cyber, significantly overlaps with other key issues of fact for trial, so it serves the interest of judicial economy to decide the issue at trial. Defendant's motion for an evidentiary hearing to address subject matter should be denied.

Defendant's motion also requests the Court to identify the "proper" joint-employer test in making its determination on subject matter jurisdiction. As Defendant acknowledges, which test should apply is a question explicitly left unanswered in the Ninth Circuit. *Lopez v. Johnson*, 333 F.3d 959, 963 (9th Cir. 2003) ("We need not . . . decide between these tests[.]"). Plaintiff carries the burden to make a sufficient showing of subject matter jurisdiction at trial, so at the appropriate time, the Court will entertain a motion to dismiss for lack of subject matter jurisdiction, analyzing the evidence under all three tests in *Lopez*.

\* \* \*

THEREFORE, Plaintiff's motion for an evidentiary hearing (Dkt 85) is DENIED without prejudice. The jurisdictional issues will be resolved at trial.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of August, 2015.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge